# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KIMBERLY PEETE CHARLESTON**　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　　　　　**NO. 3:14CV00102-JMV**

**COMMISSIONER OF SOCIAL SECURITY**　　　　　　　　　　　　　　**DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court finds the ALJ's RFC determination is not supported by substantial evidence in the record. Specifically, the record lacks substantial evidence to support the ALJ's failure to include in the claimant's RFC a need for intermittent standing and/or walking during extended periods of sitting. Two examining physicians, Dr. Amy Woods and Dr. Bruce Randolph, assessed RFC's that included intermittent standing and/or walking every 15 to 30 minutes of sitting. Yet, it appears the ALJ assigned more weight to a putative opinion by Dr. Barry Siegel–who also examined the claimant–that the claimant had "no impairment-related physical limitations." The court finds the ALJ's interpretation of Dr. Siegel's opinion does not jibe well with Dr. Siegel's

report which notes no objective medical information was supplied to him and includes his statement: "I feel *she has no impression related to physical limitations*. . . ." On remand, the ALJ may either recontact Dr. Siegel for clarification regarding his assessment of the duration for which the claimant can sit or obtain an additional consultative examination. In either case, the ALJ shall reconsider the claimant's RFC with regard to the length of time the claimant may sit before needing to stand and/or walk, including how long she will need to stand/walk. If necessary, the ALJ shall obtain additional vocational expert testimony regarding whether there are any jobs the claimant can perform considering her RFC and other necessary factors. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 26th day of January, 2015.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE